UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BELINDA DENISE JONES,

        Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY

        Defendant.

Case No. 09-13426
Honorable Julian Abele Cook, Jr.

ORDER

      This case involves a complaint by the Plaintiff, Belinda Jones, who, in relying upon the authority of 42 U.S.C. § 402(g), has asked this Court to review a final decision by the Defendant, the Commissioner of the Social Security Administration ("Commissioner"). The parties thereafter filed motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure,[1] both of which were forwarded by the Court to Magistrate Judge Mona K. Majzoub for her evaluation. In a report on September 30, 2010, she recommended that this Court (1) deny the Commissioner's motion for summary judgment, (2) grant, in part, Jones' motion for summary judgment, (3) remand the case to the administrative law judge pursuant to

---

[1] Fed. R. Civ. P. 56(c) states, in pertinent part, that "(t)he judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law."

1

42 U.S.C. § 405(g) for further proceedings. As of this date, neither party has expressed any objections to the magistrate judge's report and recommendation. For the reasons that have been set forth below, this Court adopts the report, including the recommendations of Magistrate Judge Majzoub, in its entirety.

I.

Jones is a woman in her early forties who possesses an eleventh grade education and has no sustained relevant work history. Although Jones has held a number of unskilled jobs over the years, it appears that she has been unable to maintain a continuity of stable employment. On January 1, 2005, Jones filed an application for Supplemental Security income, in which she claims to have been disabled since December 31, 1999, because of her bouts with depression and a low intelligence quotient ("IQ").

After her application was denied, she sought and obtained a *de novo* hearing before an administrative law judge who, in a decision on May 22, 2007, determined that Jones was not entitled to Social Security benefits. He concluded that, although Jones had suffered from severe depression, mild mental retardation, a history of alcohol abuse (reportedly in remission), and an occasional use of marijuana, she did not have an impairment or combination of impairments that met or equaled the Listing of Impairments. He also determined that Jones (1) had the residual functional capacity to perform unskilled light employment which outlined a simple work routine, and (2) is able to perform a significant number of jobs that are available in the national economy. Thus, the administrative law judge concluded that Jones was not suffering from a disability which is compensable under the Social Security Act. This decision became the

final decision of the Commissioner on June 24, 2009, when the Appeals Council denied her request for a review. This lawsuit followed.

II.

This Court has jurisdiction to review the Commissioner's final decisions to determine if (1) the findings are supported by substantial evidence and (2) the correct legal standards were applied. 42 U.S.C. § 405(g); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted), and is "more than a scintilla of evidence but less than a preponderance," *Brainard v. Secretary of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The reviewing court must affirm the Commissioner's decision if it is supported by substantial evidence, even if the evidence could also support a different conclusion. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). This review is limited in scope to an examination of the record only. Thus, the court "does not review the evidence *de novo*, make credibility determinations nor weigh the evidence." *Brainard*, 889 F.2d at 681.

III.

In her appeal, Jones urges the Court to conclude that the decision by the administrative law judge was erroneous because it improperly considered evidence of her past alcohol and drug abuse and failed to give adequate consideration to evidence of her mental disabilities.[2] On

---

[2]The Court notes that Jones's pleadings will be construed liberally inasmuch as she appears in this lawsuit as a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Her motion for the entry of a summary judgment only alleges that she is an "ADA Act" and paraphrases the definition of disability as set out in the Americans with Disabilities Act of 1990, 42 U.S.C. § 12102(1). She has also filed a letter with the Court which bore the date of August 28, 2009. In her letter, Jones outlined the bases of her "mental medical disabilities" and various alleged errors

3

the other hand, the Commissioner submits that the administrative law judge's determination was correct and is supported by substantial evidence in the record.

Jones points to an error by the administrative law judge when he gave an improper consideration to her history of alcoholism and marijuana abuse even though she has "been alcohol & drug free for several years." However, this argument is without merit. According to 42 U.S.C. § 423(d)(2)(c), the administrative law judge is required to determine whether "alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled."

Jones also differs with the administrative law judge's determination that she did not have an impairment or combination of impairments which met or equaled the "Listing of Impairments." After its review of the record, the Court agrees with Magistrate Majzoub's determinations that (1) he did not adequately explain his findings with respect to the impairment of mental retardation issue, and (2) his conclusion, which addressed Jones' severe depression impairment, is not supported by substantial evidence.

The administrative law judge determined that Jones had the severe impairments of mild mental retardation and severe depression. In assessing the severity of her depression, he considered her limitations in the four functional areas – known as the "B criteria" - of (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation, as mandated by 20 C.F.R. § 416.920a(c)(3). In rendering his decision, it was his determination that Jones had (1) no more than mild limitations in the

---

in the administrative law judge's decision. The Court will consider these allegations as it attempts to assess the parties' respective positions in this action.

activities of her daily living and social functioning, (2) no limitation in her ability to focus or maintain concentration "when she is not drinking or smoking marijuana," and (3) no episodes of decompensation.

However, Jones, following a psychological examination, was found to have impaired concentration, attention span, insight, and judgment. Moreover, a psychologist assessed her to be "moderately limited in her ability to remember and carry out detailed instructions, maintain prolonged concentration, interact appropriately [with] the general public, [and] respond appropriately to criticism from supervisors." (TR 126). Thus, the administrative law judge's finding that "[t]here is no indication that her ability to focus and maintain concentration is in any way affected by her alleged mental impairments" was erroneous and is not supported by substantial evidence in the record.

Moreover, these is no evidence that the administrative law judge considered the relevant criteria for determining the severity of a mental retardation impairment, Listing 12.05, Pt. 404, Subpart P, app. 1. Under Listing 12.05, a claimant must show the threshold requirement of "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period" in combination with any one of the four possible sets of requirements listed in sub-parts A-D. The administrative law judge did not engage in any analysis as to whether Jones' impairment met the threshold requirement or if the criteria of sub-parts A-D were satisfied.

Sub-part C requires a "valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." For the purposes of sub-part C, an additional impairment imposes such

5

a limitation if it is "severe" as defined in §§ 404.1520(c) and 416.920(c). Pt. 404, Subpart P, app. 1 § 12.00A. Sub-part D requires a "valid verbal, performance, or full scale IQ of 60 through 70, resulting in at least two of the following: (1) marked restriction of activities of daily living; or (2) marked difficulties in maintaining social functioning; or (3) marked difficulties in maintaining concentration, persistence, or pace; or (4) repeated episodes of decompensation, each of extended duration."

On the Wechsler Adult Intelligence Scale III, Jones had a full scale IQ score of 67 (extremely low range). Because the administrative law judge determined that Jones had the additional severe impairment of depression, it would appear that - subject to meeting the threshold requirement - Jones satisfied the criteria of sub-part C. Moreover, in light of the psychological evidence discussed above, and subject to the same caveat, she would appear to have satisfied sub-part D. However, there is no indication that the administrative law judge considered Listing 12.05 in his analysis.

Thus, this case will be remanded to the administrative law judge in order for him to (1) assess the severity of Jones' severe impairment of mental retardation according to Listing 12.05; (2) explain and/or reevaluate Jones' mental limitations due to her depression according to the "B criteria;" and (3) if warranted, make a new residual functional capacity determination and conduct steps 4 and 5 of the analysis anew, as more fully described in Magistrate Judge Majzoub's report and recommendation.

IV.

For the reasons that have been outlined above, the Court adopts the Report of Magistrate Judge Majzoub. Therefore, (1) the Commissioner's motion for summary judgment is denied, (2)

Jones' motion for summary judgment is granted in part, (3) the case is remanded to the administrative law judge for further proceedings as described herein.

IT IS SO ORDERED.

Dated: February 8, 2011           s/Julian Abele Cook, Jr.
       Detroit, Michigan         JULIAN ABELE COOK, JR.
                                          United States District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on February 8, 2011.

                                                                       s/ Kay Doaks
                                                                       Case Manager